# LOCKHART ET AL. vs. THE CITY OF TROY.

[APPEAL FROM ORDER DISSOLVING INJUNCTION RESTRAINING MUNICIPAL TAXATION, &C.]

1. *Injunction; when dissolved on unsworn answer.*—In an injunction bill, if the complainants *waive* the answers of the defendants being "made on oath," this does not impair the right of the defendants to have the injunction dissolved upon the denials of such unsworn answers, in like manner as if they were sworn.

2. *Subject of act; what sufficient expression of, in title.*—The *subject* of a law to incorporate a city or town is the *charter of incorporation.* This subject is sufficiently expressed in the title, by the words "An act to establish a charter for the city of Troy, in Pike county." The title need not set out an enumeration of all the powers intended to be conferred on the corporate authority.

3. *Supplemental act; when not unconstitutional for non-compliance with Art. 4, section 2, of constitution.*—An act "supplemental" to another act need not set out the act to which it is supplemental, in order to make it conform to the constitution, which requires, in case of the revision or amendment of a former act, that the "new act" shall contain the act "revised or amended."—Const. Ala., Art. 4, § 2.

4. *Healing act; test of constitutionality of.*—A healing statute is not bad for unconstitutionality, if it gives validity to an act irregularly done, which the legislature could have authorized to be done in the irregular way in the first instance.

5. *Acts of person disqualified to hold office; valid as acts of de facto officials, until inquisition of office.*—The official acts of a person disqualified to hold office, "by reason of his participation in the late rebellion of the so-called Confederate States against the United States," are not void, when such person holds his office under authority of the rightful government of the State, until after his right to the office is determined against him in some legal way.

APPEAL from the Chancery Court of Pike.

Heard before Hon. ADAM C. FELDER.

The opinion sets out the facts.

WALKER & MURPHEY, for appellant.

STONE & CLOPTON, *contra.*

PETERS, J.—This is a bill in chancery to enjoin the collection of a tax levied by the city of Troy on the property of certain of its citizens, to pay the principal and interest on certain bonds issued and sold by said city to aid in the construction of the Mobile & Girard railroad. The bill is an injunction bill, and seeks no other relief. The injunction was granted, and on motion before the chancellor, on the coming in of the answers, the injunction was dissolved. And the complainants appeal from the decree, dissolving the injunction, to this court, and here assign this decree dissolving the injunction as the only error.

The statements of the bill, upon which its equity is presumed to rest, are directly denied by the answers. But it is contended, that as these denials are made in answers made without the support of a verification by oath, they ought not to be permitted to overturn the allegations of the bill, which is a sworn bill. But the complainants waive any oath to the answers, yet require them to be made and put in, upon the penalty of admitting the bill to be true, upon decree *pro confesso*. This is a privilege in favor of the complainants, which they can avail themselves of or not, as they choose. It takes from the answers their potency as evidence, and dispenses with the necessity, which would otherwise exist, of requiring two witnesses to overturn them.—Rev. Code, § 3328. If, then, the complainants elect to waive the answers being made upon oath, it should not prejudice the defendant's rights beyond the limitation of the statute; that is, it leaves the answers in every other respect sufficient, except as testimony. Such unsworn answers are " entitled to no more weight as evidence than the bill." It does not destroy its effect as a denial of the complainants' case. To treat them otherwise, would be to go beyond the purpose of. the statute, and put it in the power of the complainants to use a privilege granted to them as a serious injury to the defendant beyond the purpose of the law. This would be neither equity or justice, which is supposed to prevail in all the proceedings in a court of chancery. I therefore think that answers, the

Lockhart et al. v. The City of Troy.

oath to which is waived by the complainants, must be treated as answers on oath, on motion to dissolve an injunction.

But the principal questions in the case arise out of the legislative enactment out of which the proceedings complained of arose. The town or city of Troy has been for some time a municipal corporation in this State, so created by an act of the general assembly of Alabama. It appears that the track of the Mobile & Girard railroad passed near or through the place. And for the purpose of aiding in its construction, and to insure its completion, a majority of the real estate holders of said town procured the passage of a law by the general assembly, at its session in 1868, conferring on the corporate authorities of said town power to subscribe to the capital stock of said railroad. This law is entitled "An act supplemental to an act to incorporate the town of Troy, in the county of Pike, and to authorize said municipal corporation to levy a tax for a subscription to the stock of the Mobile & Girard Railroad Company." It was approved December 8, 1868. The third section of this act is as follows: "Sec. 3. *Be it further enacted,* That the corporate authorities of said town of Troy are hereby authorized and empowered to subscribe to the capital stock of the Mobile & Girard railroad, a sum not exceeding seventy-five thousand dollars; said sum so subscribed to be applied exclusively to the extension of the track of the said Mobile & Girard railroad to the said town of Troy, upon or near the line already surveyed from or about Faulk's bridge, or the line of deflection. To pay for the subscription so made, said corporate authorities are hereby authorized and empowered to issue bonds, bearing interest at the rate of not higher than eight per centum; and for the liquidation of said bonds, with the interest thereon, said corporate authorities are further authorized and empowered to levy a tax on the real estate within the corporate limits of Troy; *Provided,* that no tax for this purpose shall exceed in any one year ten per cent. of the amount of the bonds issued and the annual interest thereon; but

none of said bonds and interest due thereon shall be due or payable until said railroad is in running order, and the cars run to said Troy, nor shall any sale of said bonds be made by the corporate authorities at a discount of greater than twelve and one-half per cent."—Pamph. Acts 1868, p. 395. Under the provisions of this act, on the 22d day of December, 1869, the corporate authorities of said town of Troy authorized the issuance of the bonds of said town to the amount of $50,000 only, "for the extension of the Mobile & Girard railroad from the point of deflection above Faulk's bridge, on Conecuh river, to said town of Troy." A copy of one of the bonds thus issued is set out in the bill, and bears date January 13, 1869. After these bonds were so issued, a second act of the general assembly of this State was passed and approved on the 17th day of February, 1870, entitled "An act to establish a charter for the city of Troy, in Pike county." This latter act authorized and required the mayor and councilmen of Troy "to levy and collect a tax upon all real estate in said corporate limits" of said town "for the purpose of paying the principal of and interest upon the amount of the bonds commonly known as the bonds of Troy in aid of the Mobile & Girard railroad."—Pamph. Acts 1869–70, pp. 123, 133, § 22. Under the authority of this last named act, "said town authorities proceeded to assess the taxes upon the real estate within the corporate limits of Troy," "for the purposes indicated in said act for the year 1870." And the bill shows that the property of the complainants was assessed in this levy, to the amounts named in the bill, and that the authorities of said town, by their tax collector, were proceeding to collect the same by legal process. It is also charged, that the city corporation acted fraudulently in issuing said bonds, and that the acts above mentioned were unconstitutional and void.

The bill was amended by leave of the court, after the issuance of the injunction, and in the amendment it is charged that certain members and officers of said city government who authorized the issuance of said bonds as set

forth in said original bill, "were disqualified from holding said offices, by reason of having held certain offices in this State "prior to the late war, and afterwards voluntarily participated and aided in the late rebellion of the so-called Confederate States against the United States." It is also alleged that said bonds were not issued in accordance with the act of the general assembly of this State approved October 8th, 1868, or any other act of the legislature of this State. It is also alleged, that the corporate authorities of the town of Troy have never subscribed stock in the Mobile & Girard railroad to the amount of $75,000, or any other amount, and the said bonds were not issued to pay said subscription for said stock as contemplated in the said acts above mentioned. The answers to the bill and amended bill fully and directly deny all the material allegations of both bills, and show that the proceedings by said city of Troy under said acts were strictly in conformity thereto. And the defendants insist, that whatever irregularities, if any may have intervened in said proceedings, are legalized and made valid by the healing act of the general assembly of this State of January 20, 1870.—Pamph. Acts 1869-70, p. 30, No. 40.

The objection which remains to said decree dissolving said injunction, is founded on the supposed unconstitutionality of the acts mentioned in said bill and amended bill. This objection is founded on the titles to said acts. It is insisted, that the titles to these acts, and the acts themselves, are not in conformity with the constitutional requisition. The constitution requires that "each law shall contain but one subject, which shall be clearly expressed in its title; and no law shall be revised or amended unless the new act contain the entire act revised, or the section or sections amended; and the section or sections so amended shall be repealed."—Const. Ala. Art. 4, § 2. It is very evident that an act to incorporate a town or city, or an act to establish a charter for a town or city, necessarily may, and must, contain a grant of all the powers intended to be conferred on the corporation. This will embrace all the sub-

jects incident to such a corporation. The subject of such a law is "the charter of incorporation." And the act may embrace whatever is necessary for this end. The title need not be an index to the act; nor need it state a catalogue of all the powers intended to be bestowed. This is included in the thing created; that is, "the charter of incorporation." The construction contended for by appellees seems to be too technical and strict. It would tend to defeat, rather than render simple and certain the legislative will. *Ex parte Selma & Gulf Railroad*, 45 Ala. 696; *Ex parte Pollard*, 40 Ala. 77; *Dale County v. Gunter*, 44 Ala. 639; *People v. Mahaney*, 13 Mich. 495; Cooley on Con. Lim. 81, 141, 144. Supplemental acts and healing acts do not necessarily fall into the catagory of a revised or amended act. A supplemental act merely adds something that was left out of the original act. It does not necessarily revise it or amend it in the more technical sense. An amendment is what may be incorporated into the original on its passage. A supplemental act is an independent law; and a healing act is one that cures some defect in a proceeding which the legislature could have authorized in the first instance. In legislation, each form of proceeding has its proper scope, though each may approach the other so nearly as in some degree to mingle into the same form.—Webster's Dict., *ad voces, Amendment, Supplemental and Healing*. I think the statutes set out in the bill free from constitutional objections.

The objection, that certain members of the city government of said town or city of Troy "were disqualified from holding said offices," in consequence of having held office in this State under the State government before the late war, and afterwards having participated in the rebellion, is not enough to render their acts void. They were officers *de facto* under a rightful government, and as such, their acts were valid, until their titles to the offices they held were adjudged insufficient.—*Mayo et al. v. Stoneum, Ex'r*, 2 Ala. 390; 2 Kent, 295, and Notes, (Comstock's ed. 1866.) This objection, then, was not available.

The decree of the court below is affirmed, with costs.