# Davenport v. The State.

*Indictment for Presenting a Pistol at a Person.*

1. *Indictment for presenting a pistol at a person; statute not unconstitutional.*—The statute entitled "An act to protect human life," and declaring it to be a misdemeanor for any person to point at another a gun, pistol or other fire arm, whether loaded or unloaded, (Acts 1888-89, p. 67), is not unconstitutional as violative of Article IV, section 2 of

4

[Davenport v. The State.]

the constitution, which requires that the subject of every law must be clearly expressed in its title; the prevention of the dangerous practice condemned in said statute tending largely to protect human life.

2. *Same; same.*—Such statute is not in violation of Article I, section 7 of the Constitution, which declares that every citizen has a right to bear arms in defense of himself and the State.

3. *Same; not intended to interfere with the right of self-defense.*—The statute declaring it a misdemeanor for any person to point at another a gun, pistol or other fire arm, whether loaded or unloaded, is not intended to render criminal the presenting of a fire arm at another, when, under the circumstances, the act was justified by the general law of self-defense; but when on the trial under an indictment charging such offense, it is shown that the defendant was at fault in bringing on the altercation which resulted in the presentation of a pistol, he is not entitled to an acquittal under the plea of self-defense.

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. N. D. DENSON.

The appellant was tried and convicted under an indictment charging that he "had presented a pistol at Hubbard Glasscock, against the peace and dignity of the State of Alabama." This indictment was found under the provisions of "An act to protect human life," which is as follows: "Section 1. *Be it enacted by the General Assembly of Alabama,* That from and after the passage of this act it shall be unlawful for any person to present at another person any gun, pistol, or other fire arm, whether loaded or unloaded.

"Section 2. *Be it further enacted,* That any person who shall violate Section 1 of this act shall be guilty of a misdemeanor, and, on conviction thereof, shall be fined not less than ten or more than one hundred dollars." Acts 1888–89, p. 67.

The defendant moved to quash and strike the indictment from the file upon the following grounds: 1st, because the statute under which the indictment is drawn is violative of section 2, Article IV of the constitution, in that the subject of the law is not clearly expressed in its title; and 2d, that the statute under which the indictment is found is violative of section 27, Article I, of the constitution. This motion was overruled, and the defendant duly excepted.

Upon the hearing of the cause, as is shown by the bill

[Davenport v. The State.]

of exceptions, the evidence for the State tended to show that within twelve months before the finding of the indictment, while Hubbard Glasscock was passing along a road he met the defendant; that there ensued a quarrel in which the said Glasscock told the defendant he would whip him when he was released from arrest; that the defendant replied if he thought he could whip him, he had better get down and do it then; that Glasscock dismounted from his horse, and approached the defendant, who was standing on the opposite side of a wagon, and took from his pocket a pocket-knife; and that when within about fifteen steps of the defendant, the latter drew his pistol and pointed it at Glasscock, telling him to stop.

There were several charges asked by the defendant seeking to justify the defendant in pointing the pistol at Glasscock, upon the ground of self-defense. These charges were each refused, and the defendant separately excepted to each ruling.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.— The title of the act was broad enough to include the provisions of the statute, and said statute is not unconstitutional.—*Ballentyne v. Wickersham*, 75 Ala. 536; *Ex parte Gayles*, 108 Ala. 514. The other constitutional objection is untenable, for while the constitution secures to the citizens the right to bear arms, the legislature has the right to regulate how they shall be borne.—*State v. Reid*, 1 Ala. 612. The constitutionality of the act here in question has been fully recognized by this court.— *Sanders v. State*, 105 Ala. 8; *Johnson v. State*, 94 Ala. 41.

HEAD, J.—The act, "To protect human life" (Acts 1888–89, p. 67), is a constitutional enactment. The prevention of the dangerous practice of presenting guns and pistols at others, would certainly tend largely to protect human life. There is, therefore, no want of that clearness of expression of the subject of the act, in the title, which the statute requires.

We think it was not the intention of the legislature to render criminal the presenting of a gun or pistol at another, when, under the circumstances, the act was

justified by the general law of self-defense; but, in this case, the whole evidence shows, without conflict, that the defendant was at fault in bringing on the altercation which resulted in the presentation of the pistol. On the whole case there was no manner of self-defense shown, or facts from which it could be inferred. We do not consider whether either of the charges requested by the defendant was abstractly correct or not.

Affirmed.