151 So. 858

## HARRIS v. STATE ex rel. WILLIAMS et al.

### 3 Div. 81.

Supreme Court of Alabama.
Nov. 23, 1933.

Rehearing Denied Jan. 18, 1934.

Thos. E. Knight, Jr., Atty. Gen., Frontis H. Moore, Asst. Atty. Gen., and Rice & Bibb, of Birmingham, for appellant.

Ball & Ball and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellees.

FOSTER, Justice.

This is a proceeding to test the right and authority of appellant to act as deputy tax assessor appointed by the state tax commission under the authority of section 25-A of an act approved September 13, 1923. Gen. Acts 1923, pp. 284, 293, as amended by an act approved June 10, 1931. Gen. Acts 1931, p. 295.

The act of 1923 was introduced in the House and passed without sections 25-A and 25-B and without the inclusion in the title of the following words, "and to further provide for the revenue of the State of Ala- bama," where those words appear at the end of such title. Sections 25-A and 25-B, and such additions to the title, were added by a conference committee in which both Houses concurred.

The act of 1923, both as originally introduced and as finally adopted, is properly classed as one to raise revenue. Williams v. City of Albany, 216 Ala. 408, 113 So. 257.

But it is not every such act which should be properly termed a "revenue act" within the meaning of the last clause of section 70 of the Constitution. In re Opinions of Justices, 223 Ala. 369, 136 So. 589; State v. Henry, 224 Ala. 224 (18), 139 So. 278; State ex rel. Franklin County v. Hester, 224 Ala. 460, 140 So. 744; Woco Pep Co. v. Butler, 225 Ala. 258, 142 So. 509; Southern R. Co. v. Mitchell, 139 Ala. 629, 37 So. 85, 88.

Neither was it intended that the revenue bills mentioned in that clause of section 70 of the Constitution should be limited to those proposed by the Governor, Auditor, and Attorney General, but it includes those of the nature of a general revenue bill though not thus proposed. Whether a bill is one merely to raise revenue by a specific tax or is so extensive in scope as properly to be classed as a general revenue bill must depend upon the inherent qualities of each without any hard and fast formula other than such as we have stated in the cases cited above.

The act of 1923 here in question is not of the nature of a general revenue bill, but is one to amend the revenue laws in respect to specific taxes, and to prevent escapes, as well as to raise revenue.

Section 45 of the Constitution provides that general revenue bills are excepted from its requirement that "each law shall contain but one subject, which shall be clearly expressed in its title." We think this has reference to those bills which we have said were referred to in the last clause of section 70 of the Constitution.

So that whether the act of 1923 shall stand the test of section 45 depends upon whether it contains but one subject which is clearly expressed in its title. It cannot thus be sustained if the provision to prevent motor vehicles from escaping ad valorem taxation, and the creation of an agent of the tax commission called a deputy tax assessor to assess all escaped personalty subject to taxation, are two subjects within the meaning of section 45, or if the title "to further provide for the revenue of the State of Alabama" is not a clear expression of the subject.

The answer seems to depend upon the question of whether further providing for the revenue of the state, or the amendment of existing revenue laws, is one subject within that provision of the Constitution, or whether it would do violence to it to hold that for legis-

lative purposes an amendment of the system of revenue laws is not too broad in its scope to be thus termed.

The general rule is that generality or comprehensiveness of the subject is not a violation of section 45, and that a broad, comprehensive subject justifies the inclusion of any matter not incongruous or unconnected with the subject, provided the title is not uncertain or misleading. Chapman v. Ry. Fuel Co., 212 Ala. 106, 101 So. 879; State ex rel. Gunter v. Thompson, 193 Ala. 561, 69 So. 461; State v. Street, 117 Ala. 203, 23 So. 807; Lindsay v. United States Sav. & Loan Ass'n, 120 Ala. 172, 173, 24 So. 171, 176, 42 L. R. A. 783; Lovejoy v. City of Montgomery, 180 Ala. 473, 61 So. 597; State ex rel. Ham v. Brock, 180 Ala. 505, 61 So. 646; Toole v. State, 170 Ala. 41 (12), 54 So. 195; State v. L. & N. R. R. Co., 158 Ala. 208, 48 So. 391; Mobile Transp. Co. v. Mobile, 128 Ala. 335, 30 So. 645, 646, 64 L. R. A. 333, 86 Am. St. Rep. 143; Jordan v. McClure Lumber Co., 170 Ala. 289 (13), 54 So. 415; State v. Skinner, 20 Ala. App. 204, 101 So. 327, 328; Davenport v. State, 112 Ala. 49, 20 So. 971, 972; Stone v. State, 137 Ala. 1, 34 So. 629, 630; City Council of Montgomery v. National Bldg. & Loan Ass'n, 108 Ala. 336, 18 So. 816; Lockhart v. City of Troy, 48 Ala. 579; Ex parte Pollard, 40 Ala. 77–98; State v. Stripling, 113 Ala. 120, 21 So. 409, 36 L. R. A. 81.

"The generality of a title, not defining the particulars of the proposed legislation, would be more apt to excite general attention than otherwise, since the general words would give warning that everything within their limits might be affected, and thus draw the attention of the whole body of legislators, while narrower words would only interest those concerned with the matters specially named." Mobile Transp. Co. v. Mobile, supra.

An act "to regulate banks and banking" justifies the fixation of a license tax together with certain privileges secured by its payment. Lovejoy v. Montgomery, supra. The title may be as broad as the Legislature may choose to make it if it comprehends everything in the bill and contains but one subject. Ex parte Pollard, supra. Section 45 should not be so construed as to cripple the Legislature unnecessarily to accomplish its purpose. Ham v. Brock, supra.

The title of a bill "to suppress the evils of intemperance" is but one subject and an abstract or catalogue of its details need not be further expressed in its title. Toole v. State, supra.

A title "to prevent frauds and impositions upon the people of the state and to protect investors" was held to justify the Blue Sky Law as containing but one general, broad subject. State v. Skinner, supra.

An act "to protect human life" held sufficient to justify the creation of the offense of presenting guns and pistols at others. Davenport v. State, supra.

A title "to amend an act entitled an act 'to expedite the trial of capital cases'" is sufficient to justify legislation with reference to the number of challenges allowed defendant. Stone v. State, supra.

An act "to establish a charter for the city" is all-sufficient. Lockhart v. City of Troy, supra.

An act "to regulate judicial proceedings" which postponed the execution of a judgment for twelve months, known as the "Stay Law," did not in that respect offend such provision of the Constitution. Ex parte Pollard, supra.

A title "for the better suppression of gambling" is a sufficient expression of one subject. State v. Stripling, supra.

In Southern Railway Co. v. Mitchell, supra, the court was dealing with a general revenue bill. While its title did not state its subject as being amendatory of existing revenue laws, the court observed that its purpose was necessarily to change or modify such laws; that it was therefore essentially of that nature; and that had general revenue bills not been excepted from the requirements of section 45, "this bill might well have been written under such a title as this: 'To amend the revenue law of the state,' or this: 'To further amend the revenue laws of the state of Alabama.' Either of these titles would have adequately expressed the purpose—the subject—of the bill."

It does not follow that because section 45 excepted general revenue bills, they are of such sort as that one to amend or further regulate the state's revenue contains more than one subject. We note that section 45 also excepts bills adopting a Code, digest, or revision of statutes. Those exceptions from section 45 were new to the Constitution of 1875. But when there was no such exception this court held that a statute with such title and to that effect was valid, and contained but one subject, and so expressed. Dew v. Cunningham, 28 Ala. 466, 65 Am. Dec. 362; Ex parte Pollard, 40 Ala. 98; Hoover v. State, 59 Ala. 57; Bales v. State, 63 Ala. 30. See Gibson v. State, 214 Ala. 38, 106 So. 231. Such is the generally accepted view. 59 Corpus Juris, 889.

The fact that those exceptions are stated in section 45 is not conclusive that their statement was necessary to effect that purpose; but it has been said by this court that the exception in respect to the codification of statutes was inserted out of abundance of caution. Ex parte Thomas, 113 Ala. 1, 4, 5, 21 So. 369, citing Ex parte Pollard, supra.

Many acts have been passed whose validity in respect to section 45 has never been questioned, and whose subject as expressed in the title was to provide for or regulate

matters affecting the state's revenue, in short, to amend the state's revenue laws, though not in the nature of a general revenue bill, and which embrace separate and distinct features of revenue provisions; such as the Income Tax Act of 1933, Gen. Acts 1933 (Ex. Sess.) p. 150; the Near Beer License Act of 1932, Gen. Acts 1932 (Ex. Sess.) p. 94; the Tobacco Tax Act 1932, Gen. Acts 1932 (Ex. Sess.) p. 114; Corporation Permit Act 1931, Gen. Acts 1931, p. 335.

█ We are willing to adopt the definite position that further provision for or an amendment of the state's revenue in its various aspects, whether to provide for it or to regulate matters pertaining to it, or to amend it generally, is one subject and may be so expressed in the title of an act.

█ One feature of the act of 1923 here in question provides the machinery for collecting the ad valorem tax on motor vehicles, and to prevent them from escaping such tax, and another creates a deputy tax assessor to assess and collect escapes of other personal property in aid of other existing machinery to that end. But they are both for the purpose of further providing for the revenue of the state as described in the title, or to amend the state's revenue law, which is the essence of the title. The act does not therefore violate section 45 of the Constitution by containing two subjects.

█ Again, the contention is made that it violates section 61, which provides that a bill shall not be altered on its passage, so as to change its original purpose.

This is also considered in Southern Ry. Co. v. Mitchell, supra. It was there said the purpose of the bill was to better provide for the raising of revenue and to change the statutory system on that subject by amending existing laws; and that such purpose was not changed by adopting a substitute which related to the single subject—the levy, assessment and collection of taxes—or the raising of revenue. Both the original and substitute proposed to amend the state's revenue laws.

While the court was dealing with a general revenue bill, it shows that the proposal to amend the state's revenues is a single subject and that it has a single purpose, which purpose is not changed by a substitute different in many respects from the original bill. If the theory that a bill to raise revenue or to amend the revenue laws has but one subject and one purpose is sound, then the proposal to do so in one respect is not changed on its passage by the addition of an amendment of such laws in another respect, provided the title is not uncertain or misleading. So long as the original purpose of the bill is not changed it may be amended or a substitute enacted which will not take the status of a new bill. State v. Buckley, 54

Ala. 599; Stein v. Leeper, 78 Ala. 517; Hall v. Steele, 82 Ala. 562, 2 So. 650; State ex rel. Adams v. McLellan, 202 Ala. 41, 79 So. 379.

It is true that not only is the general subject as expressed in the amendment of the title broad enough to embrace any revenue measure, and that its whole set up is such that it may not be understood as necessarily referring to the nature of tax provisions as those referred to in the first part of the title, but it is also true that essentially it is of the same sort of tax measure. The main object of the act, as passed by the House, was to prevent motorcars from escaping ad valorem taxes, by providing that such tax must be paid before they are registered for license. Section 19. So that the plate will indicate not only that the license tax has been paid, but the ad valorem tax as well. So that the subject of escapes from ad valorem taxation was the chief thought. At first that thought only related to motor cars. The amendment (section 25-A) extended it to all other escapes of personal property from such law. Both features are not only within the broad subject of amending the state's revenues, but also within the more restricted aspect of that subject referring particularly to escapes of personalty.

The addition to the title shows a purpose to add something. Something was added not only within the broad subject of the state's revenue, but within the restricted aspect dealt with before the amendment.

The purpose to prevent the escape of personalty from taxation was not changed, but broadened, within the amended title. There was no violation of section 61.

But if we assume that the act of 1923 is violative of sections 45 or 61, and that section 25-A is not a valid feature of it, we must not overlook the act of 1931, Gen. Acts, p. 295, which undertook to amend and re-enact section 25-A. The title of the act of 1931 has been held to be sufficient for that purpose. Stone v. State, 137 Ala. 1, 34 So. 629; State ex rel. Gunter v. Thompson, 193 Ala. 561, 69 So. 461.

The rule is said generally to be that if a portion of an act is invalid because violative of the Constitution, it is, in respect to the power of the Legislature to amend that portion, the same as though it had been repealed to that extent. 59 Corpus Juris, 854 (428).

This court has often held that the Legislature may amend and thereby re-enact that portion of another act which has been repealed, by reference to it before it was repealed, ignoring the repealing act.

The reference to the original act as thereby amended is as effectual as though there had been no repealing act not referred to in the amendment. The theory is that the reference is for identification. When so identi-

fied, the amending act is complete in itself, and is not dependent upon the repealed act for any other purpose. The fact that it has been repealed does not militate against its use for identification. Evers v. Matthews, 192 Ala. 181, 68 So. 182; State v. Warford, 84 Ala. 15, 3 So. 911; Harper v. State, 109 Ala. 28, 19 So. 857; Wilkinson v. Ketler, 59 Ala. 306. This power to thus re-enact a portion of a statute to the extent that it was repealed, as we have shown, is the same in theory as though such amended portion were unconstitutional as embraced in the original act.

We do not think there is any difference in principle if the purpose is to amend and re-enact an act which is wholly void, so that it will thereafter be an effectual new act.

 The Court of Appeals was not dealing with that situation in Cobbs v. Home Ins. Co., 18 Ala. App. 206, 91 So. 627; Id., 207 Ala. 712, 91 So. 922. The question there was whether the original act was a local law because the classification was merely a designation. Gen. Acts 1915, p. 898. The act of 1919 amended certain features of it (page 111), not such as were there in question. The inquiry before the court was, assuming the validity of the act of 1919, whether it had the effect of validating other features of the act of 1915, assuming also that the act of 1915 was invalid in whole, as in violation of the Constitution. The principle stated was that the original act, if dead, cannot be given life by amending some of its features. This court denied certiorari. That may be sound, but not influential in fixing the validity of the amendatory act in respect to the features there dealt with. If such latter act is complete in itself as fully evidencing the whole of the legislation there intended to be covered, with a title which indicates its subject, it is a valid enactment for its own purpose, though in order to make its subject-matter clear it may refer to an act which has been repealed or is unconstitutional in whole or in part. It does not purport to revive a dead act, but creates a new one, complete and definite, in full compliance with the requirements of the Constitution.

Whether the act of 1923, containing section 25-A, be held unconstitutional in respect to that section only, or in all respects, the act of 1931 merely refers to that of 1923 for identification of its subject-matter. It would have been all the same as though the act of 1923 had not been mentioned, if, by sufficient title, the subject-matter set forth in the act of 1931 were contained in an independent act. English, etc., Mortgage Co. v. Hardy, 93 Tex. 289, 55 S. W. 169; State v. Walters, 135 La. 1070, 66 So. 364; Commonwealth v. Chesapeake, etc., R. Co., 118 Va. 261, 87 S. E. 622; Allison v. Corker, 67 N. J. Law, 596, 52 A. 362, 60 L. R. A. 564.

 We have therefore reached the conclusion that the substance of section 25-A, certainly as re-enacted in 1931, is not void for anything in sections 45 and 61 of the Constitution, which has been brought to our attention.

This proceeding is to test the right of appellant to hold the office of deputy tax assessor under section 25-A, and not the proper amount of his compensation. That can only be considered in this proceeding in connection with the claim that thereby and for that reason the act is void to the extent of creating the office or to justify the employment.

In disagreeing with the contentions of appellees in this respect we do not think it necessary to extend the discussion.

The net result is a disagreement with the rulings of the circuit court which requires us to reverse its judgment. We see no good to be accomplished by remanding the case. A judgment is here rendered dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.