ALMON, Justice.
This appeal comes after remand of these consolidated cases in Eagerton v. Exchange Oil and Gas Corporation, 404 So.2d 1 (Ala.1981) (Eagerton v. Exchange). The trial court entered a judgment in favor of Ea-gerton, as Commissioner of Revenue based upon a stipulation of the parties. We affirm.
Many of the issues that the oil company appellants raise herein are identical to, or are variations on, the issues decided in Eagerton v. Exchange, supra. The legislature amended the oil and gas severance tax subsequent to that decision, however, so this appeal presents a further question of statutory interpretation. The oil companies assert that the legislature changed the purpose of the new act during passage and thus violated § 61 of the Alabama Constitution.
In 1979 the legislature passed Act No. 79-434 to increase the severance tax on oil and gas production in Alabama. A number of oil companies paid the higher tax under protest and filed suit for refunds. The circuit court held Act No. 79-434 unconstitutional and ordered the refunds. This Court reversed and remanded. See Eagerton v. Exchange, supra.
In the 1980 legislature, Representative Hines, who had introduced the bill which became Act No. 79-434, introduced a bill (H.B. 909) with the following title:
“To repeal Section 40-20-2 and Section 40-20-8, Code of Alabama 1975, as amended by Act 434, Acts of Alabama 1979, and to reenact Section 40-20-2 and Section 40-20-8 as the same existed prior to enactment of Act 434, Acts of Alabama 1979, and to further provide for the rate of severance tax on the production of oil and gas on wells from 15,000 to 15,800 feet in the smackover formation that come into production after September 1, 1979, to provide further for distribution of the proceeds of the increased tax and to provide certain exemptions from the increased rate.”
In addition to the provisions directly alluded to in the title, the proposed bill refunded the increased taxes collected under Act No. 79-434 and stated that prior interpretations (i.e., Eagerton v. Exchange) of Act No. 79-434 were “void.” This bill was amended during passage so that it substantially reenacted Act No. 79-434 rather than repealing it. Acts of Alabama 1980, Act No. 80-708. The oil companies argue that this constitutes a change in purpose of the bill and so violates § 61 of the Alabama Constitution.
We disagree. The act as passed has the following title:
“To amend Section 40-20-2 of the Code of Alabama 1975, so as to further provide for the severance tax on the production of oil and gas.”
Thus, the bill as introduced and as passed dealt with the severance tax on oil and gas production and with amending § 40-20-2.[1]
The established law of this state is that the “purpose” within the meaning of § 61 is the general purpose. State v. Docks Comm’n v. State ex rel. Jones, 227 Ala. 521, 150 So. 537 (1933). Opinion of the Justices, 383 So.2d 527 (Ala.1980); Opinion of the Justices, 361 So.2d 536 (1978). The general purpose of both versions of the bill was amending § 40-20-2 and providing for the oil and gas tax. Section 61 was not violated.
More particularly, in the field of revenue legislation, this Court has held that the purpose is the raising of revenues, and as long as a substitute bill has that same purpose, it does not violate § 61.
“... The bill was, therefore, essentially amendatory of the existing law, and it is not inapt to say that its purpose was to amend the existing law....
“... Upon its consideration by the house, it was found to be unsatisfactory to a majority of the members; and thereupon another bill was brought forward in its stead, and substituted for it by way of amendment of it. This substitute related *816 to the same subject — the levy, the assessment and collection of taxes — the raising of revenue. It had the same general effect upon existing laws, i.e., the substitute operated the emendation of existing laws, as did the original.”
Southern Railway Co. v. Mitchell, 139 Ala. 629, 641, 37 So. 85 (1904).
The Court in Southern Railway Co. addressed a general revenue statute, but in Harris v. State ex rel. Williams, 228 Ala. 100, 151 So. 858 (1933), held the same principles to apply to a bill “to amend the revenue laws in respect to specific taxes,” Id., 228 Ala. at 102, 151 So. 858.
“While the court was dealing with a general revenue bill, it shows that the proposal to amend the state’s revenues is a single subject and that it has a single purpose, which purpose is not changed by a substitute different in many respects from the original bill. If the theory that a bill to raise revenue or to amend the revenue laws has but one subject and one purpose is sound, then the proposal to do so in one respect is not changed on its passage by the addition of an amendment of such laws in another respect, provided the title is not uncertain or misleading. So long as the original purpose of the bill is not changed it may be amended or a substitute enacted which will not take the status of a new bill.”
Id., at 104, 151 So. 858. (citations omitted).
Of course, this analysis should not be taken to mean the legislature can take liberties with revenue bills and violate the spirit of § 61. Here, however, the bill never deviated from the purpose of amending the oil and gas severance tax. The legislature chose to re-enact the amendment wrought by Act No. 79-434 with minor changes rather than repealing that amendment and re-enacting the prior law. Curiously, if the oil companies were to prevail and have us find that Act No. 80-708 contravened the Constitution, § 40-20-2 would stand as amended by Act No. 79-434. The changes in Act No. 80-708 are favorable to the oil companies — for instance, Act No. 79-434’s prohibition against passing the increase on to consumers was deleted from Act No. 80-708.
The oil companies further argue that the exemption of royalty owners from the increased tax violates the equal protection clause of the fourteenth amendment of the United States Constitution and § 35 of the Constitution of Alabama.
This Court rejected this argument in Eagerton v. Exchange, but the oil companies introduced affidavits into the record below to the effect that the lighter tax burden on royalty owners would not encourage oil and gas exploration and production. This testimony sought to contradict the statement in Eagerton v. Exchange that “it is conceivable that the exclusion of royalty owners from this increase in tax could encourage the development of new oil and gas wells.” Id., 404 So.2d at 5.
This issue is res judicata because it was litigated and decided in the first trial and this Court decided the issue against the oil companies on the first appeal. The Court held Act No. 79-434 “valid in its entirety.” Id., 404 So.2d at 8.
We do point out that the affidavits do not undercut the constitutionality of the royalty owner exemptions. The justification mentioned in Eagerton v. Exchange was not proposed as the only conceivable reason for the higher tax on working interest owners. The Court in Ray E. Loper Lumber Co. v. State, 269 Ala. 425, 113 So.2d 686 (1959), upheld a timber severance tax which effectively imposed a higher tax on those who convert timber into lumber within the state than those who ship the timber out of the state still in the form of logs. The Court held the higher burden justifiable because
“A severer of timber who merely severs it from the soil and ships it out of the State unconverted into lumber, enjoys merely the privilege of severing. One who severs from the soil and then converts the timber into lumber in Alabama enjoys not only the privilege of severing but also the privilege of manufacturing in this State.
*817 “The difference in the two classes is based on the difference in the privileges enjoyed. He who manufactures in Alabama enjoys an additional or greater privilege. We do not think a classification, which requires a greater tax from the one who enjoys the greater privilege, is arbitrary or fanciful. Such a classification is based on a real and substantial difference. We do not undertake to set out other substantial reasons which justify the classification.”
Id., 269 Ala. at 433, 113 So.2d 686. The greater tax was not invalid even though a sawmill privilege license tax was also required. Id., at 430,113 So.2d 686. Similarly, oil companies enjoy the privilege of severing the oil and gas, whereas the royalty owners are not, as such, active participants in the process of severing.
We note finally that the United States Supreme Court has recently addressed attacks on a state severance tax on Commerce Clause (U.S. Const, art I, § 8, cl. 3) and Supremacy Clause (U.S. Const, art. VI, cl. 2) grounds and held the tax constitutional. Commonwealth Edison Co. v. Montana, 453 U.S. 609, 101 S.Ct. 2946, 69 L.Ed.2d 884 (1981). This case does not address the Equal Protection Clause of the Fourteenth Amendment, so the long-standing broad discretion given legislatures in classification for tax purposes, Heisler v. Thomas Colliery Co., 260 U.S. 245, 43 S.Ct. 83, 67 L.Ed. 237 (1922), still stands.
For the foregoing reasons the circuit court properly granted judgment for Commissioner Eagerton. That judgment is therefore affirmed.
AFFIRMED.
All the Justices concur.

. We quote only the titles because the bill and the act are rather lengthy, and we think the above sufficiently sets out the substance of each.