# Baldwin v. City Council.

# Peck v. City Council.

### Municipal Taxation on National Bank Stock.

1. *Taxation, power of; may be delegated.*—In the absence of constitutional restrictions, a State may confer upon municipalities created by it such measure of power to assess and collect taxes as it may deem expedient, not greater than that the State itself possesses. This power, however, is capable only of a clear and unequivocal delegation. It must not be left a matter of doubt, or mere inference from the terms in the charter or laws of incorporation.

2. *City Council of Montgomery; without power to tax National bank stock.* —Under the acts incorporating the city of Montgomery, its power to levy taxes is confined to a tax on real estate, personal property, specifically enumerated, certain pursuits, callings, professions and occupations, or business of a particular.kind, or the receipts and incomes of some particular business. There is no general power to impose taxes on personal property, nor any specific power which can be construed to authorize the city to tax shares of the capital stock of a national bank.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JAMES Q. SMITH.

On the 6th day of January, 1873, the city council of Montgomery passed an ordinance levying a tax of one-fourth of one per cent. on the capital stock of national banks, and made it the duty of the clerk of the city council to demand of the president, cashier, or other officer of each national bank, within the city, a written statement, under oath, of the amount of the capital stock of such bank.

It was also provided, that upon the failure of any officer of any such bank, for more than five days after service of the written demand upon him, to make the sworn written statement required of him, such officer should forfeit and pay to the city council the sum of fifty dollars. Under this ordinance, written demands were made by the clerk of the council of the appellants, the president of the First National Bank, and the cashier of the Merchants & Planters National Bank, respectively.

[Baldwin *v.* City Council.]

They refused to make the statement required of them, and the city council was taking steps to enforce the ordinance, when Baldwin and Peck filed their petitions in the circuit court for a writ of *certiorari* to the city council, requiring it to certify to the next term of the court the ordinance, and all proceedings under it, and for a writ of prohibition requiring it to refrain from further proceedings, under said ordinance, against petitioners or any other officer of their respective banks.

A demurrer was filed to the petitions, on the following grounds:

1. "That it plainly appeared from the petitions that the petitioners had acted in violation of an ordinance of the city council.

2. "That the petitioners sought relief against the penalalties of an ordinance, with the provisions of which they had not complied, or shown anything exempting them from liability thereto.

3. "That the charter of the city of Montgomery authorized the ordinance against which relief was sought."

The court sustained the demurrer and dismissed the petitions, and hence this appeal.

STONE & CLOPTON and SAYRE & GRAVES, for appellants. —The city has no right to levy any tax unless the power is granted by the charter or some special statute. *Clarke* v. *Davenport*, 12 Iowa, 494. The national banks are subject to no other burdens than those imposed by Congress; and it has passed no law authorizing the levy of such a tax as the one complained of. Under the power to tax, the city has no right to impose criminal penalties. *Merriam* v. *Moody's Executor*, 25 Iowa, 163.

ELMORE & GUNTER, *contra.*—The shares of stock in the bank are liable to taxation as personal property—subject only to the restrictions that it shall be taxed as shares in other banks and other monied capital. *Van Allen* v. *The Assessor*, 3 Wallace, 573; *The People* v. *The Commissioners*, 4 Wallace, 244; *Bradley* v. *The People*, 4 Wallace, 459: *Tappan* v. *Merchants' National Bank*, 19 Walllace, 490.

The city council had power to levy the tax under the provisions of its charter.

BRICKELL, C. J.—These cases present a common question, the power of the city council of the city of Montgomery to impose a tax on shares of the capital stock of na-
VOL. LIII.

[Baldwin v. City Council.]

tional banks.    These shares are subject to taxation by State
authority, under the limitations imposed by the act of Con-
gress, as has been declared by several decisions of the su-
preme court of the United States.    *Van Allen* v. *The Asses-
sors*, 3 Wall. 573; *People* v. *Commissioners*, 4 Wall. 244;
*Bradley* v. *The People, Ib.* 459; *Lionberger* v. *Rouse*, 9
Wall. 468; *National Bank* v. *Commonwealth, Ib.* 353; *Tap-
pan* v. *Merchants' National Bank*, 19 Wall. 490.

It is not necessary, in the view we are constrained to take
of these cases, to inquire whether the tax levied and sought
to be collected by the city council offends the limitation im-
posed by the act of Congress.    Under the charter of the
city, the power to levy taxes is confined to a tax on real
estate, personal property, specifically enumerated, certain
pursuits, callings, professions or occupations, or business of
a particular kind, or the receipts or income from some
particular business    There is no general power to impose
taxes on personal property, nor any specific power which
can be construed to authorize the tax of which the appel-
lants complain.    In the absence of special constitutional re-
striction, it is certainly true the legislature may confer on
the municipalities it creates, such measure of power to levy
and collect taxes as it may deem expedient, not greater or
other than that it possesses.    It is equally certain that this
power is capable only of clear and unequivocal delegation.
When express power to levy and collect particular taxes is
conferred,the power to levy and collect other taxes is excluded.
Or, if particular subjects of taxation are enumerated, the
corporation has not capacity to enlarge them.    The charter
of the city, limited as it is to taxation of real estate, special
occupations, or pursuits, enumerated personal property, with-
in no one of which shares in a corporation, or certainly in
a bank, whether existing under State or Federal law, can be
embraced, does not authorize the tax the collection of which
is sought to be prohibited.

The case was heard and decided in the circuit court on a
demurrer to the petition.    The act of December 7th, 1866
(Pamph. Acts, 1866–7, p. 144), authorizing the city to aid
in building the South and North Alabama Railroad, to issue
bonds, and to levy such tax on the real and personal prop-
erty in the city, to pay the principal and interest of such
bonds, as might be necessary, not exceeding two per centum
per annum, before it became operative, must have been
sanctioned by the voters of the city, and the bonds issued.
This record does not show the issue of such bonds, and, of
consequence, it is not proper to inquire whether that act au-

thorizes the tax of which complaint is made. As the case is presented, the inquiry preceding all others is the capacity of the city council under the acts of incorporation (without regard to the act of December, 1866), to impose the tax. We are bound to declare the capacity is not conferred by the acts of incorporation.

The judgments must be reversed, and the cause remanded.