# Louisville & Nashville Railroad *v.* Solomon.

138 151
139 667

## *Certiorari Proceedings.*

1. *Certiorari; no error for court to render judgment for costs against petitioner, in whose favor judgment is otherwise rendered.*—On a petition asking for a *certiorari* directed to a justice of the peace, requiring him to certify to the circuit court the proceedings in a case in which judgment was rendered against petitioner, where on motion of petitioner the proceedings of the court of the justice of the peace are quashed and the judgment rendered therein is annulled, it is not error for the court to further render judgment against the petitioner for the costs; since the taxation of the costs in such a proceeding rests, under the statute (Code, § 2831), in the discretion of the court, and is not revisable.

[Louisville & Nashville Railroad v. Solomon.]

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. J. C. RICHARDSON.

The appellee, G. W. Solomon, instituted a suit before a justice of the peace, against the Louisville & Nashville Railroad, to recover damages for killing a steer. The justice of the peace rendered judgment by default against the defendant. Thereafter the defendant filed a petition averring that before the justice of the peace there was no proper proof of service of the summons and complaint upon the defendant, and asked for a writ of *certiorari* to be directed to the justice of the peace, requiring him to send up papers in said cause to the circuit court of Escambia county. After said cause was certified to the circuit court of Escambia county, in answer to the writ of *certiorari*, the Louisville & Nashville Railroad moved the court to quash the proceedings and annul the judgment of the justice of the peace court. Upon this motion a judgment was rendered granting the same, and ordering the judgment of the justice of the peace vacated and annulled, and ordering that a writ of *procedendo* be issued to the justice of the peace, requiring him to try the case as if the same had never been tried. In said judgment it was further ordered and adjudged that the Louisville & Nashville Railroad Company pay the costs of the proceedings. From the judgment so rendered the defendant appeals, and assigns as error the rendition of judgment against it for the costs.

CHARLES P. JONES, for appellant.—The judgment for the taxation of the costs in this case against the appellant, was erroneous, a judgment having been rendered in favor of the appellant, which was entitled to full costs.—Code, § 1325.

No counsel marked appearing for appellee.

TYSON, J.—Whether the court properly overruled the demurrer to the appellant's petition for the writ of *certiorari* and correctly quashed the proceedings and annulled the judgment rendered by the justice are ques-

[Bailey et al. v. Butler.]

tions not presented for review by this appeal. We, therefore, express no opinion upon them. Having annulled the judgment rendered against the petitioner, appellant here, by the justice and directed the issuance of a writ of *procedendo* to that officer to retry the case, did the court have authority to tax the cost of this proceeding against the petitioner? This is the only question for our consideration.

The theory of appellant's counsel, and it is the only one upon which the judgment could be sustained, is, that the petition was for a common law writ of *certiorari* and that the judgment properly awarded the relief to which his client was entitled, (*Independent Pub. Co. v. Amer. Press Asso.*, 102 Ala. 475), except as to costs. The petitioner's right to recover costs is not governed, as counsel suppose, by section 1325 of the Code, but by section 2831 which vests in the court a discretion in the matter of its taxation that is not revisable.

Affirmed.