(85 South. 564)

## MILLS v. COURT OF COM'RS OF CONECUH COUNTY. (3 Div. 428.)

(Supreme Court of Alabama. Jan. 29, 1920.)

1. Counties ⚖196(1) — Taxpayers properly petitioned commissioners' court to set aside order and on denial sought certiorari to annul.

A taxpayer of a county, seeking to vacate and set aside an order of the commissioners' court levying tax against automobiles, pursued the proper course by first petitioning the commissioners' court to have the same set aside, and, failing therein, by seeking annulment of the order by common-law writ of certiorari; the contention being that the order was absolutely void and beyond the power and authority of the commissioners' court.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Appeal and error ☞544(3)—Bill of exceptions unnecessary for error appearing on face of proceedings.**

On appeal from a decree refusing to vacate a part of an order of the county commissioners' court on the ground that it was void, there was no occasion for a bill of exceptions, where the order, if void, so appeared on the face of the proceedings.

**3. Appeal and error ☞4—Decree in certiorari to set aside order of commissioners' court reviewed by appeal.**

A decree in a certiorari proceeding to review and vacate an order of the court of county commissioners, vacating it only in part, was properly brought up to the Supreme Court for review by appeal, under Code 1907, § 2843.

**4. Counties ☞190(1)—Municipal corporations ☞956(1)—Taxation ☞2—Power of taxation is such as is delegated by Legislature; legislative power to tax unlimited.**

Cities, incorporated towns, and counties have such power of taxation as is delegated to them by legislative authority, and the legislative power to regulate the subject of taxation is unlimited, except so far as that department may be restrained by the state or federal Constitution.

**5. Licenses ☞14(1)—Counties may require license tax for mercantile, but not private, automobiles; "vehicles."**

Under Act Sept. 14, 1915 (Gen. Acts 1915, p. 489), and Act Sept. 22, 1915 (Acts 1915, p. 573), a county may impose a license tax on automobiles used for commercial purposes, but not on automobiles used for private purposes by the owner or his family; the word "vehicle," as used in section 13 of the latter act, including automobiles (citing Words and Phrases, First and Second Series, Vehicle).

**6. Statutes ☞158—Repeal by implication is not favored.**

Repeal by implication is not favored, and if two statutes may be reasonably construed, so as to leave a field of operation for both, such construction should be given.

**7. Licenses ☞7(8)—State automobile license tax does not create double tax by county.**

Automobile license tax levied by state under Act Sept. 14, 1915 (Gen. Acts 1915, p. 489), of which equitable distribution is made to cities and counties, is a state tax, and not a county tax, and there is no double privilege tax by a county, where it imposes a privilege tax under Act Sept. 22, 1915 (Acts 1915, p. 573).

**8. Certiorari ☞71—Division of costs proper on setting aside portion of order.**

In a proceeding in certiorari to set aside an order of the commissioners' court imposing license tax on both private and commercial motor vehicles, court did not err in taxing one-half of the cost against the respective parties, where the order was declared invalid only in so far as it imposed a tax against private vehicles, in view of Code 1907, § 4870.

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Petition for writ of certiorari by C. E. Mills, to be directed to the Court of County Commissioners of Conecuh County, to review and vacate an order of said court levying an automobile tax. From the decree rendered, the petitioner appeals. Affirmed.

Appellant made application to the commissioners' court of Conecuh county, by proper petition, to vacate and set aside an order of the court levying a tax against the owners of automobiles, both for private and commercial use. It was shown that petitioner was a citizen and taxpayer of Conecuh county, and the owner of automobiles for both private and commercial purposes, which automobiles were used on the roads of Conecuh county. The petition was denied.

Thereupon appellant filed a petition for a common-law writ of certiorari directed to the judge of the Second judicial circuit, seeking to have the order of the commissioners' court as to the vehicle tax on automobiles quashed. The circuit judge entered an order, upon the hearing of said petition, after the order and proceedings of the commissioners' court had been duly certified to the circuit court, quashing so much of the order of the commissioners' court as levied a vehicle tax against the owners of automobiles for private use and that of his family, holding so much of said order to be void, but did not grant that portion of the petition which sought to quash the order of the commissioners' court levying a vehicle tax on automobiles used for commercial purposes.

The court taxed the costs equally between the parties to the cause. From the order of the circuit court, petitioner prosecutes this appeal.

Hybart, Hare & Ratcliffe, of Monroeville, for appellant.

The Legislature has an inherent right to levy a license tax, limited by section 211, Const. 1901. 44 Ala. 657; 16 Ala. App. 440, 78 South. 638; 1 Cooley on Taxation, 559. Before a county can levy a tax, it must have a clear right to do so. 38 Ala. 156; 73 Ala. 65; 37 Cyc. 724, 725, 966, 967. Acts 1915, p. 493, has been construed in 7 Ala. App. 151, 61 South. 604, and 183 Ala. 91, 63 South. 201. The county could not levy the tax.

Hamilton & Page, of Evergreen, for appellee.

This case is ruled by Windham v. State, 16 Ala. App. 383, 77 South. 963, reaffirmed in 202 Ala. 697, 79 South. 877.

GARDNER, J. [1] Appellant contends that the order of the commissioners' court, here sought to be reviewed, was absolutely void,

as being beyond the power and authority of that court. He pursued the proper course in first petitioning the commissioners' court to have the same set aside, and, failing therein, sought an annulment of the order by common-law writ of certiorari. Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 South. 971, and authorities there cited.

[2, 3] If the order was void, it so appeared upon the face of the proceedings, and there was no occasion for a bill of exceptions. We are of the opinion that the proceedings are properly brought here by appeal. Code 1907, § 2843; Ex parte Campbell, 130 Ala. 171, 30 South. 385; Ferguson v. Court of County Commissioners, 187 Ala. 645, 65 South. 1028; Cook v. Court of County Commissioners, 178 Ala. 394, 59 South. 483; Miller v. Jones, 80 Ala. 89.

This brings us to a consideration of the validity of the order of the commissioners' court. In the act of September 14, 1915 (General Acts 1915, p. 489), certain license or privilege taxes were fixed on automobiles and motorcars kept for private use and also commercial purposes. On page 493, Acts 1915, there is a provision in said act for equitable distribution of the funds to the incorporated city or town in which the owner or licensee resides, and to the county when the fund is derived from such source outside of any incorporated city or town; then follows the provision that—

"The registration fee or license tax herein required to be paid on automobiles or motor cars or motorcycles shall be in lieu of all other privilege or license tax, which the state or any county or municipality thereof might impose, where the automobile or motor car or motorcycle is used by the owner for his private use and that of his family: Provided, however, that incorporated cities or towns are hereby authorized to collect a reasonable license or privilege tax on motor vehicles used for carrying passengers or freight for hire."

A very similar provision appears in the Acts of 1911, page 636, and was passed upon by this court in Ex parte Bozeman, 183 Ala. 91, 63 South. 201, and held not violative of section 221 of our Constitution.

[4] Cities, incorporated towns, and counties have such power of taxation, as is delegated to them by legislative authority (Phœnix Carpet Co. v. State, 118 Ala. 143, 22 South. 627, 72 Am. St. Rep. 143); and the legislative power to regulate the subject of taxation is unlimited, except so far as that department may be restrained by the state or federal Constitution (Hare v. Kennerly, 83 Ala. 608, 3 South. 683; Capital City Water Co. v. Board of Revenue, 117 Ala. 303, 23 South. 970).

[5] The above-quoted provision of the act of 1915 contains an express exemption from a levy of an additional license or privilege tax by cities, towns, or counties, where the automobile, motorcar, or motorcycle is used by the owner for his private use and that of his family. It is clear, therefore, that the judgment of the circuit court, quashing so much of the order of the commissioners' court as levied such additional tax upon automobiles used by the owner for private use and that of his family, was free from error.

The act of 1915 expressly authorized the imposition of a privilege or license tax by cities and towns on motor vehicles used for carrying passengers or freight for hire; but there is nowhere in the act any provision against the levying of such a tax by the counties. Section 2 of said act, found on page 527, is relied upon by counsel for appellant as at least indirectly prohibiting such a levy by the counties; but we do not read this provision to that effect, and do not think it can be so construed. We therefore find in the above-cited act of 1915 neither any prohibition against such levy by the counties, nor any express authority therefor.

A few days subsequent to the passage of the above-cited act, on September 22, 1915 (Acts 1915, p. 573), the Legislature passed another act to provide for the—

"establishment, discontinuance, construction, use, working and maintenance of the public roads * * * of the several counties of this state; to define the duties and powers of the boards of revenue, courts of county commissioners, or other governing bodies of each of the several counties with regard to same," etc.

By this act the court of county commissioners and boards of revenue were invested with the general superintendence of public roads, and to this end were given legislative, judicial, and executive powers, except as limited by said act. Section 13 of this act gave to the commissioners' courts or boards of revenue, for the purpose of maintaining the public roads, bridges, and ferries of the county, the right to impose upon owners of vehicles which were used upon the public roads of the county "such license taxes for each class of vehicles as may be deemed advisable by such court or boards." The constitutionality of this section of said act was assailed in Windham v. State, 16 Ala. App. 383, 77 South. 963, and held to be free from the objections interposed thereto. Windham v. State, 202 Ala. 697, 79 South. 877.

At the time of the passage of this act, automobiles, both for private and commercial purposes, had for several years been in use upon the public roads, and that they were intended to be included by the use of the word "vehicle," as applied in said section, is, we think, too clear for discussion. 4 Words and Phrases (Second Series) 1146; Foster v. Curtis, 213 Mass. 79, 99 N. E. 961, 42 L. R. A. (N. S.) 1188, Ann. Cas. 1913E, 1116; Fielder v. Tipton, 149 Ala. 608, 42 South. 985, 8 L. R. A. (N. S.) 1268, 123 Am. St. Rep. 69, 13 Ann. Cas. 1012; Davis v. Petrinovich, 112 Ala. 654, 21 South. 344, 36 L. R. A. 615. Said section 13, therefore, by express authority,

delegates to the county the right to levy a tax on automobiles, as well as other vehicles; but, as previously pointed out, the same Legislature, a few days prior to the passage of this latter act, had expressly exempted from any additional license or privilege tax automobiles used by the owner for his private use or th't of his family; but neither prohibited nor granted the right of counties to levy the tax upon automobiles used for commercial purposes.

[6] Repeal by implication is not favored, and if the two statutes may be reasonably construed, so as to leave a field of operation for both, this construction should be given. As said by this court in City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 South. 159:

"Repeal by implication is not favored. It is only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former. That is never the case if there be a reasonable field of operation, by a just construction, for both; for then they will both be given effect."

Therefore so construing said section 13, we are of the opinion that it was not the legislative intent to repeal that portion of the act of September 14, 1915, exempting from an additional tax automobiles used by the owner for his private use and that of his family, and that therefore said section is to be construed as delegating authority to the county to levy such additional tax on automobiles only as are used for commercial purposes upon the public roads of the county. This harmonizes the provisions of these acts, giving a field of operation for both, and, in our opinion, was clearly the legislative intent.

It is insisted, however, by counsel for appellant, that under the authority of Ex parte Bozeman, supra, the tax levied by the state, of which an equitable distribution was made to the cities and counties, was also a county tax, and that it was not the legislative intent to permit a double privilege tax to be levied or collected by the county. This argument misconstrues the holding in the Bozeman Case. It was not held that the levy by the state in that instance was also a levy by the county and the city, and therefore a county tax, as well as a state tax, but merely that the equitable distribution of the funds derived from such privilege tax to the county and the city had met the purpose of section 221 of our Constitution, and therefore was not invalid. Indeed, the opinion in the Bozeman Case clearly discloses that the tax referred to in that case was a privilege tax by the state only. It was there said:

"The act, it is true, levies only one privilege tax; but it equitably divides the tax so levied between the state and its towns, cities, and counties, and thus carries into effect the true purpose of said section 221."

[7] We therefore have not here presented any effort on the part of the Legislature to authorize a double privilege tax by the counties, cities, or towns.

In a supplemental brief of counsel for appellant, it is suggested that Acts 1915, page 573, was not passed in conformity with section 63 of the Constitution, in that the House Journal, on page 3371, only shows a third reading of the bill, and should have made reference to the amendments which had been previously adopted. The journal shows that "the bill was read three times at length and passed." The insistence is without merit, and needs no further discussion here.

The only question presented upon this appeal is whether or not the order of the commissioners' court was void as being beyond the authority of said court. We are of the opinion that the court below correctly ruled in holding void so much of the order as fixed a privilege tax upon automobiles used by the owner for private use and that of his family, but that it was not void as to the tax on automobiles used for commercial purposes.

What we have here said sufficiently indicates our conclusion that the suggestion of counsel for appellee upon the cross-assignments of error, that the tax is also valid as to that levied upon automobiles used by the owner for private use and that of his family, is without merit, and we think needs no further discussion here.

[8] The assignment of error by appellant that the court erred in taxing one-half of the costs against the respective parties in the court below is also without merit. Section 4870, Code 1907; L. & N. R. Co. v. Solomon, 138 Ala. 151, 34 South. 1025; A. C. L. Ry. Co. v. Saunders, 163 Ala. 423, 50 South. 886.

It results that the judgment of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, THOMAS, and BROWN, JJ., concur.