(113 So. 257)

## WILLIAMS v. CITY OF ALBANY.
### (8 Div. 941.)

Supreme Court of Alabama. May 12, 1927.

Rehearing Denied June 15, 1927.

1. **Criminal law** ⬅️429(1)—**Ordinance in book or pamphlet form, purporting to be published by council's authority, is evidence of legal passage and publication (Code 1923, § 2000).**

Ordinance in book or pamphlet form, purporting to be published by authority of council, is evidence of legal passage and publication thereof as of dates mentioned or provided for therein, in view of Code 1923, § 2000.

2. **Licenses** ⬅️5½—**City cannot license motor vehicles, used by nonresidents, not carrying passengers from one point to another within city (Const. 1901, §§ 220, 221; Acts 1923, p. 285, §§ 11, 13, 22, 23).**

City held unauthorized to impose city license tax on motor vehicles used in carriage of passengers for hire by nonresidents passing through city, bringing them to and discharging them in city, or taking them on for passage from city, in view of Const. 1901, § 221, and Acts 1923, p. 285, §§ 13, 22, 23, since city streets are included in state highway system, under section 11; Const 1901, § 220, being inapplicable.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Richard Williams was convicted of violating an ordinance of the city of Albany, and he appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed and remanded.

Sample & Kilpatrick, of Hartselle, for appellant.

The ordinance under which defendant was prosecuted was improperly introduced in evi-

dence. No valid ordinance was shown. Code 1923, §§ 1993, 1999. Under the facts and circumstances of this case, defendant could not be required to take out a license by the plaintiff. 3 McQuillin, Mun. Corp. 252 (2252); White Oak Coal Co. v. Manchester, 109 Va. 749, 64 S. E. 944, 132 Am. St. Rep. 943; Ahlrichs v. Cullman, 130 Ala. 439, 30 So. 415. Only one license tax can be levied and collected on one and the same motor vehicle for one and the same period of time. Acts 1923, § 22, p. 291.

W. W. Callahan, of Decatur, for appellee.

The burden is upon the party assailing an ordinance to show the requirements of its passage were not met. Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874. An ordinance certified by the clerk as correct is prima facie evidence of its due adoption. Code 1923, §§ 7687, 7719 (5); Cooper v. Valley Head, supra. And will be received as evidence without further proof. Code 1923, § 1944. It is the business or occupation on which the law imposes the license tax, and a party may be guilty by the performance of one act coupled with an intention to continue, or with a holding out for business. A single act may be sufficient to show intention. Abel v. State, 90 Ala. 631, 3 So. 760; Keller v. State, 123 Ala. 94, 26 So. 323. A vehicle owned by a nonresident may be subject to the license. Memphis v. Battaile, 8 Heisk. (Tenn.) 524, 24 Am. Rep. 285; Kentz v. Mobile, 120 Ala. 623, 24 So. 952; Opdyke v. Anniston, 16 Ala. App. 436, 78 So. 634. The amount of business done by defendant and his expense was not relevant evidence. W. U. T. Co. v. Decatur, 16 Ala. App. 679, 81 So. 199; Postal Co. v. Decatur, 16 Ala. App. 684, 81 So. 204; N. C. & St. L. v. Ala. City, 134 Ala. 414, 32 So. 731; Williams v. Talladega, 226 U. S. 404, 33 S. Ct. 116, 57 L. Ed. 275.

BOULDIN, J. Appellant was convicted for violating the general license tax ordinance No. 440 of the city of Albany, fixing a schedule of licenses for carrying on business within the corporate limits of the city.

[1] An ordinance in book or pamphlet form, purporting to be published by authority of the council, is evidence of the legal passage and publication thereof as of the dates mentioned or provided for therein. Code, § 2000; Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874.

The record shows the ordinance involved was published in pamphlet form, passed December 26, 1924, and approved December 27, 1924, and provides for license for each year, beginning January 1st and ending December 31st.

Only the pertinent sections of the ordinance are set out in the record. It does not negative that the pamphlet purported to be published by authority of the city council.

No objection to its introduction was made upon that ground. Error in the admission of the ordinance does not affirmatively appear.

Conducting business without a license during January and February, 1925, was an offense under the ordinance.

[2] The charge against defendant was laid under section 10, subd. 11, which reads:

"Automobiles, carrying passengers, for hire, motor cars, or like, or taxi, vehicles (resident or passing through) up to six-passenger car, each car or conveyance so used, $15; over six passengers, $35; local for carrying freight, $25."

Defendant resided in Hartselle, owned a five-passenger Ford car, and operated it personally in Hartselle and adjoining territory in the carriage of passengers for hire. He had no regular schedules, but carried passengers to such points as desired for a price agreed upon at the time. He had the state license required for such car, and offered to show a local license for Hartselle, a chauffeur's license, and a federal license.

He carried passengers from Hartselle into Albany, leaving them at their places of destination, or returning with them when desired. On return trips, or in passing through Albany passengers were accepted and taken on in Albany. It does not appear this was different from any other point on the highway. Frequently he passed through Albany en route to and return from Decatur with passengers. We have thus stated the tendencies of the evidence most strongly for plaintiff. There was no evidence that defendant transported passengers from one point to another in the city of Albany, except as part of a trip through, or into, or out of the city.

The trial court gave the affirmative charge, with hypothesis, for the city.

The inquiry is, Does our present system of laws authorize a town or city to impose a city license tax on motor vehicles used in the carriage of passengers for hire by nonresidents passing through the city, bringing them into and discharging them in the city, or taking them on for passage from the town or city, or is the right to tax limited to carriage of passengers within the city, from one point in the city to another?

The scheme of license taxes for motor vehicles is found in the act of September 13, 1923 (Acts 1923, p. 284). Aside from certain police features, it is essentially a revenue measure. It prescribes a license, with appropriate tag, for the several classes of motor vehicles used in transporting passengers for hire. This state license contemplates the use of the highways of the state in the conduct of such business. The streets of a city or town are included in the highway system of the state for such purpose. Section 11, p. 285. Twenty per cent. of the tax goes to the county or the city in which the owner resides. Section 23, p. 291. This, to comply with sec-

tion 221 of the Constitution forbidding a law whereby payment of a privilege tax to the state shall relieve the person from all other privilege tax. Ex parte Bozeman, 183 Ala. 91, 63 So. 201; Mills v. Conecuh County, 204 Ala. 40, 85 So. 564. But such compliance with the Constitution looks to a division of funds arising from this source in aid of the counties and municipalities. The revenue derived to the state is specially pledged to carrying and retiring bonds issued for public roads and bridges.

In general, the policy of laying special taxes upon vehicles for use of public highways is to exact a contribution toward their construction and maintenance. The 20 per cent. paid to the county or city is an aid, directly or indirectly, to the same end.

This policy may be looked to in defining the incidents and benefits to accrue to the owner of the vehicle from the license tax thus imposed.

The annual license tax on vehicles, such as here involved, is $37.50. Acts 1923, § 13, p. 286.

The act contemplates no double license for the same privilege. The state tax is declared exclusive, in lieu of all county or municipal license, with exceptions named. Section 22, p. 291, Mills v. Conecuh County, supra.

The exception in favor of municipalities reads:

"Provided further that only one such license tax can be levied and collected on one and the same motor vehicle for one and the same period of time, provided further that incorporated cities and towns are hereby authorized to collect a reasonable license or privilege tax on motor vehicles used for carrying passenger or freight for hire."

Construing this proviso in connection with the act as a whole, we think the state license tax carries the right to pass over the streets of a city as a part of the highway system of the state, in passing through the city, into and out of the city, the discharge of passengers brought into the city, and taking on passengers for passage from the city as at other points on the state highways. As for the right to carry passengers for hire, the subject-matter of such license, the city license authorized relates to carriage of passengers between points within the city, a city business as distinguished from a general business, as to which the use of the city streets is incidental as part of the general highway system.

Of course, if a taxi does a through business and a local business, engages in carrying passengers from one point to another in the city as part of the business, the owner would be liable for both licenses. That he was a nonresident would make no difference. Nor do we think the extent of local business a controlling factor. This would render the act too indefinite for practical operation. We are not dealing with the power of the city to license a local place of business of any kind, but the mere question of carrying passengers for hire, the subject-matter of the ordinance involved, as related to the evidence in this case.

Our former cases, such as N. C. & St. L. Ry. v. Alabama City, 134 Ala. 414, 32 So. 731, and Kentz v. Mobile, 120 Ala. 623, 24 So. 952, not involving a statute such as our present Motor Vehicle License Act, cannot be regarded as authority here. We must deal with the rights and incidents acquired by the holder of a state license, and the general policy of single license for the same privilege, in construing the exception in favor of towns and cities.

If a taxi must have a license from every town it passes through, or goes to and back with passengers, the burden imposed would be out of all proportion to the benefits usually derived from such business. We do not think such the legislative intent.. 27 C. J. 231, § 84; Argenta v. Keath, 130 Ark. 334, 197 S. W. 686, L. R. A. 1918B, 888; Cairo v. Adams Ex. Co., 54 Ill. App. 87.

The affirmative charge given for plaintiff was error. On the evidence adduced, defendant was entitled to his discharge.

Reversed and remanded.

SAYRE, GARDNER, and BROWN, JJ., concur.

On Rehearing.

BOULDIN, J. Appellee, on rehearing, stresses section 220 of the Constitution.

Under this section no person shall be permitted to use the streets of a city or town for the construction or operation of any public utility or private enterprise without the consent of the municipal authorities. It is a grant or recognition of police power in the conservation of the safety and convenience of the public in the use of the streets.

The operation of a transportaton business. in the city for hire has been declared within the scope of this section.

We need not here seek to define the extent of use, whether a necessary or substantial part of the business conducted must be wholly within the city, or whether it covers a mere incidental or occasional use of the streets by nonresidents while passing through or into and out of the city over the highway system of which the street is a part. The section, as heretofore construed, has been applied to different conditions from those presented in this case. City of Montgomery v. Orpheum Taxi Co., 203 Ala. 103, 82 So. 117; Birmingham Interurban Taxicab Service Corp. v. McLendon, 210 Ala. 525, 98 So. 578; Giglio v. Barrett, 207 Ala. 278, 92 So. 668; Alabama Traction Co. v. Selma Trust & Savings Bank, 213 Ala. 269, 104 So. 517.

This section has no application to the case at bar for the following reasons:

The ordinance under which appellant was convicted is purely a revenue measure, an exercise of the power to levy privilege or occupation taxes within the city. The taxing power is in the Legislature. A municipality possesses no inherent taxing power, but derives it from the state through legislative act defining the same subject to constitutional restrictions.

One of the restrictions is found in section 221 of the Constitution. This section protects municipalities from discrimination in the matter of privilege taxes, forbids a state tax, which, at the same time, relieves the licensee from a municipal tax. This is not a grant of power to the municipality. The state could decline to levy any privilege tax on the businesses named in section 220 and withhold the power from a municipality.

As pointed out in the opinion, it is declared a sufficient compliance with section 221 if the state collects one fund and makes equitable division with the municipality. Mills v. Conecuh County, 204 Ala. 40, 85 So. 564; Ex parte City of Birmingham, 195 Ala. 60, 70 So. 184; Ex parte Bozeman, 183 Ala. 91, 63 So. 201; Ex parte City Council, 64 Ala. 463. This line of cases could not stand if section 220 is construed as vesting inherent power in the city to levy privilege taxes on the businesses therein named. The power to levy such taxes must therefore be found in the general provisions conferring right to tax privileges within the city in connection wtih the Motor Vehicle Tax Statutes. The grant of a revenue license to do business in the city carries, as of course, the consent of the city to do the business licensed so far as lawful.

We adhere to the view that appellant is not subject to the revenue license imposed by the city of Albany.

Application overruled.