31 So.2d 339

## DECATUR TRANSIT v. CITY OF GADSDEN.

### 7 Div. 922.

Supreme Court of Alabama.

June 26, 1947.

Harris & Harris and Julian Harris, all of Decatur, for appellant.

Lusk, Swann & Burns, of Gadsden, for appellee.

GARDNER, Chief Justice.

The City of Gadsden legally adopted a license schedule for the year 1946, the pertinent part of which reads as follows:

"Each person, firm, corporation or motor transportation company who unloads, delivers, distributes or disposes of any goods, wares, merchandise or produce in the City of Gadsden, which said goods, wares, merchandise or produce was transported from a point without the City of Gadsden—per year $100.00"

Decatur Transit is a corporation organized under the laws of the State of Alabama, and in every way qualified to engage in the business as a contract motor carrier under the terms of Alabama Motor Carrier Act, approved July 5, 1940. General Acts of Alabama, Regular and Special Sessions, 1939, p. 1090, Code 1940, Tit. 48, § 301(1) et seq. The said corporation, as such motor carrier, had a contract with the Texas Company to transport gasoline from without the city of Gadsden into the said city, delivering the same to the Texas Company at its bulk plant in Gadsden, though at times, under the direction of the Texas Company, gasoline was unloaded at the office of Crescent Stages, Inc. Decatur Transit maintains no business terminal or station facilities for transportation of property in Gadsden, nor does it receive any freight of any kind for transportation between the city of Gadsden and any other point within Alabama.

Said Decatur Transit paid under protest to the City of Gadsden $100, as provided in the ordinance, and institutes this suit for its recovery on the theory that it had been illegally exacted.

We are persuaded that under the law as it now stands the Decatur Transit in making delivery under its contract with the Texas Company, and doing nothing more, was under no obligation to pay the city license tax demanded, and that the above noted ordinance was without application to it. As we view it, the question is solely one of legislative intent.

Section 31 of the Act of July 5, 1940 is to be found in the pocket part of Title 48, § 301(31) Code 1940, which in that part here material reads as follows:

"Any incorporated city or town in this state shall have the right by proper ordinance to tax and collect reasonable privilege license or taxes from any motor bus terminal, or any person operating any terminal or station facilities for transportation of passengers, property or express, transported by motor carrier and any motor carrier as defined by this article where such motor carrier does business in said city or town by receiving passengers or freight for transportation for hire between said city or town and another point in Alabama."

It is to be noted that these provisions omit any reference indicating an authority of the City to tax such motor carrier for the mere delivery of goods within the city and nothing more. It is to be noted in the first place that the generally accepted rule is that where express power to levy and collect a particular tax is conferred, the power to levy and collect other taxes is excluded. Baldwin v. City Council, 53 Ala. 437. Applying this principle to the instant case, it would exclude the power to tax this particular character of business for one qualified under the Motor Carrier Act of July 5, 1940.

But there is still a more compelling reason disclosing the legislative intent in regard to this particular matter. This Act of July 5, 1940, expressly repeals the Alabama Motor Carrier Act of 1927, that of 1931, as well as that of 1932, found in General Acts of Alabama, Extra Session, 1932, pp. 178–190. Such express repeal is found in Section 34 of the Act, with a general repealing clause in Section 35. In the Act of 1932 is Section 40 relating to the power of municipalities in regard to levy and collection of privilege license tax from all common and contract carriers. General Acts of Alabama, Extra Session, 1932, p. 189.

316

This particular section is found in the Code as Title 37, § 746, Code 1940. But its insertion in the Code in no manner affects the question here to be considered in view of the fact that this was done prior to the effective date of the Code, which was May 31, 1941. In Section 2 of the Act adopting the Code, Title 1, p. VII, there is express provision that no statute enacted on or after the 25 day of June, 1940, shall be repealed or affected in any manner by the adoption of the Code.

. As we construe Section 40 of the 1932 Act, appearing in the Code of 1940, Title 37, as Section 746, there was express authority to the municipality to levy a tax for the very business in which this contract carrier was engaged. And the language not only expressly authorized the levy of a license tax for motor common and contract carriers where they do business in the town or city by maintaining depots, stations, or terminal facilities therein or by receiving passengers or freight for transportation for hire from said city or town to another point in Alabama, but also contained the following: "or from other points in Alabama to said city or town." These latter words are omitted entirely from Section 31 of the Act of July 5, 1940, which Act, we may add was intended as a revision of the entire subject. Colvin v. Ward, 189 Ala. 198, 66 So. 98. There can be but one significance to this omission, that is, the legislative intent was to withhold the authority for the city to levy a license tax upon common or contract carriers who do no more than come into the city and deliver their goods. Of course, it is well understood, as established by all the authorities, that though the power to tax is very generally granted to municipalities, yet this power is not possessed by the municipal corporation unless it has been plainly and unmistakably granted to it either by expressed terms or by necessary implication. 44 C.J. 1262; Boyd v. Selma, 96 Ala. 144, 11 So. 393, 16 L.R.A. 729. The Act of July 5, 1940, is the latest expression of the legislative will, and must control. So viewing the matter, therefore, we are of the opinion that the ordinance cannot be extended to embrace this plaintiff who has qualified under the Alabama Motor Carrier Act of July 5, 1940, meeting all its requirements, and doing no more than making a delivery of its goods.

We note the cases relied upon by counsel for the City, viz., City of Enterprise v. Fleming, 240 Ala. 460, 199 So. 691; Town of Guntersville v. Wright, 223 Ala. 349, 135 So. 634; Sanford v. City of Clanton, 31 Ala.App. 253, 15 So.2d 303, but, as we have already observed, this is solely a matter of legislative intent, which was not and could not have been involved in either of the authorities noted. There would be no occasion, therefore, to enter into a discussion of these cases, as under the view here entertained they are without application.

In Williams v. City of Albany, 216 Ala. 408, 113 So. 257, there is ample discussion of Sections 220 and 221 of our Constitution, and a further consideration of these constitutional provisions is, therefore, not here necessary.

We feel impelled, therefore, to the conclusion that it was the legislative purpose to exclude from the power of municipalities the right to tax one fully qualified under the Motor Carrier Act above indicated to do this particular and limited character of business. If it is thought that any inequities result, this is a matter for the consideration of the lawmaking body.

 The conclusion is, therefore, that the plaintiff is entitled to recover. The cause being tried upon an agreed statement of facts, the judgment will be reversed and one here rendered for the amount sued for.

Reversed and rendered.

FOSTER, LAWSON, and STAKELY, JJ., concur.