51 So.2d 713

### CITY OF HARTSELLE v. BAGGETT TRANSP. CO.

8 Div. 957.

Court of Appeals of Alabama.

April 5, 1951.

Grady J. Long, of Hartselle, for appellant.

Julian Harris and Norman W. Harris, of Decatur, for appellee.

CARR, Presiding Judge.

In the court below this cause of action was submitted on the following agreed statement of facts:

"1. Plaintiff is a corporation organized under the laws of the State of Alabama, and the defendant is a municipal corporation located in Morgan County, Alabama.

"2. During the year 1948 the plaintiff was engaged in business as a common carrier of freight in the State of Alabama and was operating under and by virtue of the provisions of the Act of the Legislature of Alabama approved July 5, 1940, known as the 'Alabama Motor Carrier Act of 1939', and held a certificate of convenience and necessity authorizing it to transport general commodities by motor truck for hire to and from various points in Alabama to various other points, including the City of Hartselle, and during said year the plaintiff paid all taxes and fees and licenses authorizing it to engage in such business, and complied with all of the requirements of the Alabama Public Service Commission and paid licenses on and purchased license tags for the motor vehicles used by it in the operation of its said business, and complied with all laws and requirements of any kind of the State, County or cities in the State of Alabama, except that it did not until forced to do so as hereinafter stated pay a license tax to the City of Hartselle.

"3. During the said year 1948 the plaintiff on various and sundry occasions transported commodities from various points and places within the State of Alabama and outside of the City of Hartselle to various places inside the City limits of the City of Hartselle, Alabama as a motor carrier for hire, and in doing so drove its motor vehicles upon the public streets of the City of Hartselle and unloaded said merchandise and delivered the same to the persons to whom said merchandise was consigned. The plaintiff did not during said year maintain any motor bus terminal or station facilities, nor operate any terminal or station facilities for the transportation of property in Hartselle, or in the police jurisdiction thereof, nor did the plaintiff during said year do business in the City of Hartselle, or in the police jurisdiction thereof, by receiving freight of any kind for transportation for hire between said City of Hartselle and any other point in Alabama, nor did the plaintiff during such year engage in any business in Hartselle, Alabama other than that of transporting merchandise into said City and delivering the same as aforesaid.

"4. During the year 1948 the defendant had in force and effect an ordinance levying a privilege or license tax on all persons carrying on the business of

"'145.—Wholesale.—(a) Each truck delivering groceries, feed, flour or other merchandise, from outside the corporate limits of the City of Hartselle, Alabama, to a point within the corporate limits, there is hereby levied on each truck used by any person, firm or corporation engaged in such business, a license per year, $25.00 .

"'(b) Any person, firm or corporation, using the streets of the City of Hartselle, Alabama, for the purpose of delivering merchandise, soliciting business, or otherwise transacting business, shall pay a license, per year, $25.00

"'146.—Freight or Produce.—(a) Each person, firm, corporation or motor transportation company who unloads, delivers, distributes or disposes of any goods, wares, merchandise, or produce, in the City of Hartselle, Alabama, which said goods, wares, merchandise, or produce was transported from a point without the City of Hartselle, shall pay a license, per year $25.00

| | |
|---|---|
| Per week, | 10.00 |
| Per day, | 2.00 |

"'(b) Any person, firm or corporation using the streets of the City of Hartselle, Alabama, for the purpose of delivering merchandise, soliciting business, or otherwise transacting business, shall pay a license, per year, $25.00'

"5. The defendant demanded that the plaintiff pay a license tax to it in the sum of $25.00 for engaging in business as aforesaid under and by virtue of the terms of the foregoing provisions of its said ordinance, and the plaintiff refused to pay said license, and the defendant thereupon, about May 14, 1948, caused the driver of one of plaintiff's motor vehicles to be arrested and charged with engaging in said business without having paid a license therefor, and the defendant refused to release said driver unless the plaintiff paid said license, and thereupon the plaintiff under protest paid to the defendant a license tax in the sum of $25.00, together with a penalty thereon in the sum of $2.50, and the plaintiff, prior to bringing this suit, demanded said amount be returned to it by the defendant, which demand the defendant refused, and the plaintiff is now prosecuting this action for the purpose of recovering the said license so paid under protest.

"This cause is submitted to the court for decision on the foregoing statement of facts, and the defendant is entitled to judgment if it had authority to levy and collect said license tax upon the plaintiff for its engaging in business as aforesaid, and the plaintiff is entitled to judgment for the amount sued for if the defendant did not have authority to levy and collect said license tax."

The trial judge in effect held that the municipality did not have authority to levy and collect the license tax and rendered judgment in favor of the plaintiff.

In pertinent part Act No. 669, Sec. 31, Regular Session 1939, p. 1089, Title 48, Sec. 301(31), Pocket Part Code 1940, provides: "Any incorporated city or town in this state shall have the right by proper ordinance to tax and collect reasonable privilege license or taxes from any motor bus terminal, or any person operating any terminal or station facilities for transportation of passengers, property or express, transported by motor carrier and any motor carrier as defined by this article where such motor carrier does business in said city or town by receiving passengers or freight for transportation for hire between said city or town and another point in Alabama * * *."

Section 34 of the above act expressly repeals the Alabama Motor Carrier Acts of 1927, 1931, and 1932.

The current statute omits any reference indicative of an authority of a municipality to tax a motor carrier for the mere delivery of goods or merchandise within the city limits. In other words, the privilege license or tax is directed against "any person operating any terminal or station facilities."

We have, therefore, the appropriate application of the canon of construction which provides in effect that, where an express power to levy and collect a designated tax is conferred, there is an exclusion of power to levy and collect other undesignated taxes. Baldwin v. City Council, 53 Ala. 437.

The act, as it now appears in the code, apparently was intended as a revision of prior enactments and to express the entire subject matter in its current form. Decatur Transit v. City of Gadsden, 249 Ala. 314, 31 So.2d 339. We think that this case is decisive of the case at bar.

Attorney for appellant attempts to make a distinction by pointing out that in the Decatur Transit case the motor carrier company had a contract to deliver the gasoline in bulk to a Gadsden plant "though at times, under the direction of the Texas Company, gasoline was unloaded at the office of Crescent Stages, Inc."

We are unable to follow the logic of this position and accord merit to the insistence.

If the municipality is without authority to levy and collect a license when a motor company makes deliveries at one or two places on the streets of the city, by the same token and reasoning it would be without authority if the deliveries were made at several places on the streets.

The right to impose such a tax stems from the delegation given the municipality by the legislature. This must be granted by express terms or by necessary implication. Boyd v. Selma, 96 Ala. 144, 11 So. 393, 16 L.R.A. 729.

We are clear to the conclusion that the case of Decatur Transit v. City of Gadsden, supra, is here controlling.

The judgment below is ordered affirmed.

Affirmed.